**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BEVERLY TAYLOR

    Plaintiff.

vs.                                                  Case No. 3:09-cv-902-J-32MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

    Defendant.

## ORDER

This case is before the Court on a number of pretrial motions. The Court considers Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motions in Limine (Docs. 44, 45), Plaintiff Beverly Taylor's Memorandum of Law Regarding Prospective Jurors (Doc. 42), and State Farm's Response to Plaintiff's Memorandum (Doc. 55). These matters, among other things, were discussed at the Pretrial Conference, the record of which is incorporated by reference. (Doc. 50.)

    **1.**    **State Farm's First Motion In Limine**

In its First Motion in Liminie, State Farm "moves this Court for entry of an order prohibiting the introduction of any evidence or any reference at trial to Plaintiff having worked for a State Farm agent for twenty years." (Doc. 44.) State Farm notes that Taylor intends to call at trial John W. Burns, III, a State Farm Agent who was her employer from 1986 to 2000. As indicated at the Pretrial Conference, the Court is not persuaded that Taylor's

employment for a State Farm agent should be kept from the jury so long as no improper argument is made from this fact. (Doc. 50.) However, before Burns testifies, the Court will hear further argument from the parties or a proffer of his testimony to determine whether he is being called primarily to draw attention to Taylor's connection to State Farm rather than to testify as a true before-and-after witness.

### 2.     State Farm's Second Motion In Limine

In its Second Motion in Limine, State Farm seeks to prohibit Taylor from admitting evidence of claimed medical expenses because such expenses exceed the amounts paid by her health insurer in full satisfaction of her medical bills. (Doc. 45.) At the Pretrial conference, however, State Farm conceded that its argument is foreclosed under prevailing Florida law, as provided in Nationwide Mutual Fire Insurance v. Harrell, 53 So.3d 1084 (Fla. 1st DCA 2010). The court in Harrell held that a plaintiff "is entitled to introduce into evidence (and to request from the jury) the gross amount of her medical bills, rather than the lesser amount paid by [her] private health insurer in full settlement of the medical bills." Id. at 1087. Taylor thus may admit evidence at trial of the gross amount of her medical bills.

The Court recognizes that this approach theoretically could present problems if the jury awards less than total past claimed medical expenses. If necessary, the Court will resolve this issue after trial.

### 3.     Taylor's Memorandum of Law Regarding Prospective Jurors

At the Pretrial Conference, Taylor argued that, under Florida law, any prospective juror who has State Farm insurance would be subject to a challenge for cause. (Doc. 50.) Taylor has now filed a memorandum of law in support of this position, which the Court

construes as a motion to challenge for cause any juror who carries State Farm insurance. (Doc. 42.)  State Farm has filed a response (Doc. 55.)

Although the parties rely exclusively on Florida law, federal law controls the Court's determination of a challenge for cause, even in a diversity case. See Kohler v. Nationwide Mut. Ins., 152 F.3d 926, 1998 WL 385133, at *1 (Table) (9th Cir. 1998); Trinidad v. Am. Airlines, Inc., No. 93 Civ. 4430, 1996 WL 729851, at *1 (S.D.N.Y. 1996). "The decision whether to excuse a juror for cause is entrusted to the discretion of the trial judge." United States v. Tegzes, 715 F.2d 505, 509 (11th Cir.1983). "There is no per se rule requiring removal in federal court." Kohler, 1998 WL 385133, at *1.  The Court will therefore conduct an appropriate inquiry during voir dire and make an individual determination with respect to each juror at that time.[1]

Accordingly, it is hereby

**ORDERED**:

1. State Farm's First Motion in Limine (Doc. 44) is **DEFERRED**.

2. State Farm's Second Motion in Limine (Doc. 45) is **DENIED**.

---

[1] Even if the Florida cases discussed by Taylor were taken into account, they do not compel the conclusion that a prospective juror who has State Farm insurance is automatically subject to a challenge for cause.  In Martin v. State Farm Mutual Automobile Insurance, 392 So.2d 11 (Fla. 1st DCA 1980), the court reversed the judgment of the trial court and remanded because, among other things, a juror was improperly empaneled. While the court considered the fact that the claim at issue was made against the same company which insured the juror, the court's primary concern was that  the defendant was the president and chief of staff of the juror's employer. Id. at 12.  The court's decision in Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922, 924 (Fla. 4th DCA 1988), the other case relied on by Taylor, merely describes the court's holding in Martin.

3. Taylor's Memorandum of Law Regarding Prospective Jurors (construed as a motion to challenge for cause any juror who has State Farm insurance) (Doc. 42) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of July, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

counsel of record